# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

CALLIE J. TURPIN,                          )
                                           )
                    Plaintiff,          )
v.                                         )
                                           ) No. 11-4111-CV-W-FJG
STATE FARM MUTUAL AUTOMOBILE               )
INSURANCE COMPANY,                         )
                                           )
                    Defendant.          )

## ORDER

Currently pending before the Court is Plaintiff's Motion to Remand (Doc. No. 4).

## I. BACKGROUND

Plaintiff is suing her insurer, Defendant State Farm, for refusal to pay a claim for underinsured motorist coverage stemming from a May 4, 2010 auto accident near Sedalia, Missouri in which Plaintiff was injured. Plaintiff is a resident of Sedalia, Missouri. Defendant State Farm Insurance is incorporated in Illinois and has its principal place of business in Illinois. Companies for both the driver and the owner of the vehicle who struck Plaintiff each paid the policy limits to Plaintiff which were $100,000 each. Defendant consented to Plaintiff's settlements with Liberty Mutual Insurance and Auto Owners Insurance, and waived any purported right of reimbursement or subrogation. See Plaintiff's Petition, p. 5 (Doc. No. 1-2).

On March 22, 2011, Plaintiff filed suit against Defendant State Farm in the Circuit Court of Pettis County, Missouri. Plaintiff's petition seeks the policy limits of the Underinsured Motor Vehicle Coverage, Limits of Liability portion of her own policy

issued by Defendant State Farm and in full effect at the time of the accident. <u>See</u>
Exhibit A to Plaintiff's Motion to Remand (Doc. No. 5-1). The Limits of Liability are listed
as $50,000 for each person and $100,000 for each accident.

On April 21, 2011, Defendant State Farm removed the action to federal court
based on diversity of citizenship and asserting that the amount in controversy exceeded
the jurisdictional minimum of $75,000. <u>See</u> Notice of Removal (Doc. No. 1). On May
12, 2011, Plaintiff filed her Motion to Remand (Doc. No. 4) denying that the amount in
controversy exceeds $75,000 and stating that the controversy is not between citizens of
different states.

## II. STANDARD

A defendant may remove a state court action to federal court based on diversity
of citizenship when the matter in controversy exceeds $75,000 exclusive of interest and
costs and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). A
corporation is a citizen of its state of incorporation and also of the state where it has its
principal place of business. 28 U.S.C. § 1332(c)(1).

It is defendant's burden to prove that removal is proper and that all prerequisites
are satisfied. <u>See</u> <u>generally</u> <u>Hatridge v. Aetna Cas. & Sur. Co.</u>, 415 F.2d 809, 814 (8th
Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the
propriety of removal is resolved in favor of state court jurisdiction. <u>Shamrock Oil & Gas</u>
<u>Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941); <u>In re Business Men's Assur. Co. Of</u>
<u>America</u>, 992 F.2d 181, 183 (8th Cir. 1993).

The Eighth Circuit has held that where a complaint alleges no specific amount of
damages or an amount under the jurisdictional minimum, the removing party "must

prove by a preponderance of the evidence that the amount in controversy exceeds

$75,000." Eg., In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F. 3d 830,

834 (8th Cir. 2003); Drobnak v. Andersen Corp., 561 F.3d 778, 786 (8th Cir. 2009);

James Neff Kramper Family v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005); State of Mo.

ex rel. Pemiscot County, Mo. v. Western Sur. Co., 51 F. 3d 170, 173 (8th Cir. 1995)

(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).   To

satisfy the preponderance of the evidence standard, the party seeking removal must

offer "some specific facts or evidence demonstrating that the jurisdictional amount has

been met." Hill v. Ford Motor Co., 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004).  The

Court will apply the preponderance standard to this case consistent with the Eighth

Circuit case law.

## III. DISCUSSION

With regard to diversity of citizenship, Defendant maintains that under 28 U.S.C.

§ 1332(c)(1), it is a citizen of Illinois because it is incorporated in Illinois and has its

principal place of business in Illinois.  Plaintiff asserts that State Farm is a resident of

Missouri but offers no support for her position.  Only a direct action against an insurance

company grants in-state citizenship to an insurance company that is otherwise a non-

citizen. 28 U.S.C. § 1332(c)(1).   Here, Plaintiff is suing her own insurance company, not

the insurance company of a third party.  Thus Plaintiff's cause of action is a contract

claim against her own insurance carrier and not a direct action.  Antonacci v. State

Farm Mutual Automobile Ins. Co., No. 4: 05-CV-2173 CAS, 2006 WL 568344, at *1 (E.

D. Mo. Mar. 7, 2006).  Since this is not a direct action, State Farm is not granted

citizenship in Missouri.  Since State Farm is incorporated in Illinois and has its principal

place of business in Illinois, it is a citizen of Illinois. Thus, the parties are completely diverse.

With regard to the amount in controversy, Defendant asserts that the amount exceeds the jurisdictional minimum of $75,000 because Plaintiff identifies a maximum recovery of $73,514 in her Suggestions in Support of Motion to Remand (Doc. No. 5). But this amount is not binding. <u>McGuire v. J.B. Hunt Transport Inc.</u>, No. 4:10CV746MLM, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010). Plaintiff calculated this amount by maintaining that the stated policy limit of $50,000 per person is the maximum she can recover under the policy. <u>See</u> Suggestions in Support, p.3 (Doc. No. 5). By adding penalties allowable under Mo. Rev. Stat. § 375.420 (2011) for a vexatious refusal to pay that include attorney's fees, Plaintiff comes up with a maximum amount in controversy of $73,514. The two amounts being contested are essentially the Plaintiff's maximum of $73,514 versus the Defendant's minimum of $75,001 for a difference of only $1,486. Defendant presents this amount, as well as Plaintiff's refusal to stipulate, as specific evidence.

As a second basis, Defendant asserts that because Plaintiff would not sign a stipulation that contained, <u>inter alia,</u> a maximum recovery of under $75,000, the amount in controversy must exceed $75,000. See Suggestions in Opposition to Remand (Doc. No. 6). A stipulation or refusal to stipulate can be used as specific evidence by a defendant. <u>Gillming v. Jill</u>, No. 06-0123-CV-W-FJG, 2006 WL 2246431, at *2 (W.D. Mo. Aug. 4, 2006); <u>Neighbors v. Muha</u>, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005) (citing <u>Halsne v. Liberty Mut. Ins. Group</u>, 40 F. Supp. 2d 1087, 1091 (N.D. Iowa 1999)). However, a Plaintiff's "failure to admit that damages

4

sought will not exceed $75,000 does not amount to an admission that such damages will be sought." Hoffmann v. Empire Machinery & Tools, Ltd., No. 4:10-CV-00201-NKL, 2010 WL 2216631, at *3 (W.D. Mo. May 28, 2010) (citing Logan v. Value City Dep't Stores, No. 4:08-CV-19CAS, 2008 WL 1914168, at *4 (E.D. Mo. Apr. 28, 2008)). Moreover, to require a stipulation limiting damages from a Plaintiff who originally filed in state court would improperly shift the removing defendant's burden of proof to the Plaintiff. Id. at *4.

In the instant case, Plaintiff asserts that due to the policy limits of her Underinsured Motorist Coverage, the maximum amount she can recover is $73,514. It is Defendant's burden to establish by a preponderance of the evidence that this amount will be higher than $73,514.

## IV. CONCLUSION

While close, the amount of $73,514 is less than the jurisdictional requirement of $75,000. A statutory cut-off indicates an acknowledgment that some numbers, while close, remain below the bar. Congress could have provided a range guideline to address numbers approaching the bar but it did not. The instant case involves policy and statutory limits and Defendant did not dispute the policy and statutory limits cited by Plaintiff. While Plaintiff's refusal to stipulate may infer that a higher amount is actually being sought, it remains unclear due to the policy limits Plaintiff purports to be bound by. Defendant must prove by a preponderance of the evidence that the amount will be higher. Defendant has not done so here because the first piece of evidence points to a lesser amount than $75,000 ($73,514) which, while close, is not over the jurisdictional minimum.

5

Defendant's second piece of evidence is Plaintiff's refusal to sign a stipulation. Under the reasoning of stipulation cases such as <u>Gillming</u> and <u>Neighbors</u> cited above, this is a specific piece of evidence that supports Defendant, however, it is only one piece. Her refusal creates uncertainty, not a preponderance of evidence.

Because the Defendant did not show by a preponderance of the evidence that Plaintiff's damages would exceed $75,000, the Court hereby **GRANTS** Plaintiff's Motion to Remand (Doc. No. 4).


Date:   06/29/11                                      **S/FERNANDO J. GAITAN, JR.**
Kansas City, MO                                    Fernando J. Gaitan, Jr.
                                                              Chief United States District Judge